## HURD and others v. MOILES and others.

*(Circuit Court, W. D. Michigan, N. D.* November 9, 1886.)

COURTS—UNITED STATES CIRCUIT COURT—SUIT TO FORECLOSE MORTGAGE PEND-
ING FORMER SUIT FOR ACCOUNTING IN ANOTHER DISTRICT.

    Complainant, being a non-resident of the state, files a bill for the foreclos-
ure of a mortgage in the United States circuit court of the Western district of
Michigan; defendant, being a resident of the Eastern division, had prior
thereto filed his bill against present complainants for an accounting of the
amount due on the mortgage, claiming that certain credits with complainants
were applicable to the payment of the mortgage, and the same was thereby
paid, and therefore the mortgage and notes should be decreed to be canceled.
Personal service was had upon the defendants in that suit, and it was still
pending. *Held* that, while the suit in the Eastern district was not strictly
pleadable in abatement, the court should stay all further proceedings in the
Western district until the determination of the suit in the Eastern district.

In Equity. Bill to foreclose mortgage.

*D. E. Corbitt,* for complainants.

*Edgett & Brooks,* for defendants.

SEVERENS, J. The bill in this cause was filed in April last for the
purpose of foreclosing a mortgage upon certain lands in the county
of Chippewa, in this federal district, for the sum of $60,000, and in-
terest, executed by the defendants other than Henry Moiles, Septem-
ber 18, 1884. This mortgage was given to secure six notes, of $10,-
000 each, which represented certain advances made by the complain-
ants, as owners of certain timber lands, to the defendants, who are
mortgagors, to enable them to erect a saw-mill, and the appropriate
machinery and appurtenances, and for other expenses involved in the
manufacture into lumber of the timber above mentioned. The man-
ufacturing was on joint account of the owners of the land and the
manufacturers, upon a contract, the special terms of which are not
now necessary to be considered. There was also, at the date of the
mortgage, an open running account between those parties, growing
out of the same business, and which continued after the date of the
mortgage. Upon that account the last-mentioned defendants had
become largely indebted to the complainants at the end of the year
following the date of the mortgage, unless certain sums, which the
defendants claimed as credits, were applied in liquidation of that ac-
count, instead of being applied upon the mortgage; they insisting
that the latter application should be made.

These last-mentioned facts respecting the open account, and the
application of credits, are, of course, no part of the complainants'
case, but they are brought in by the plea of the defendant mort-
gagors, (the other defendant, Henry Moiles, being a subsequent pur-
chaser or incumbrancer,) which plea, after setting up the facts above
mentioned, alleges that on the eighteenth September, 1885, those de-
fendants, being residents of the Eastern district of Michigan, filed

their bill in equity against the present complainants, who are non-residents of the state, in the circuit court for that district, for the purpose of obtaining an accounting of the amount due on the mortgage; claiming that the aforesaid credits were properly applicable to the payment of the mortgage, that the same was thereby paid, and therefore that the mortgage and notes should be decreed to be canceled. Personal service was had upon defendants there, and the suit is still pending and undetermined there.

Attention is not here given to the peculiar circumstances which attend these credits, and which are set forth in detail in the pleadings, because the equities of the parties are not now to be ascertained and determined. A motion is now made to dismiss the bill upon the assumption of the facts stated in the plea, which is treated by the parties as in the nature of abatement because of the suit pending in the Eastern district. I shall therefore give no attention to any question of practice which counsel for the parties have not raised.

The point for decision is whether the former suit, pending in the Eastern district, should abate the present; and, if not, what course should be taken in this suit while the other is pending. It is a well-settled rule, prevailing as well in the state as in the federal tribunals, that when a court, having jurisdiction of the parties and subject-matter, has obtained control of the matter in controversy, it is thereby withdrawn from the scope of other tribunals, and may not be the subject of litigation elsewhere. But there is some contrariety of view, leading to apparent, and perhaps actual, diversity of decision in respect to the meaning of the term "matter in controversy" in the definition of the rule. Counsel for complainants has argued here that, in order to exclude the jurisdiction of the court in which the second suit is brought, the object of the former suit must be the same as in the second, and the court in which it is pending must have authority to grant the relief sought and otherwise obtainable in the second suit; whereas, upon the pleadings and controversy in the Eastern district, all that court could do would be to dismiss the bill. In case his clients should succeed there, the mortgage would remain unforeclosed, and the parties would be left where they were when the suit began; and he claims, what is manifest enough, that the object of that suit is not the same as that in the present one. And there are authorities which seem to sustain that contention. Among the cases cited by counsel are *Granger* v. *Judge of Wayne Circuit*, 27 Mich. 406; *Pullman* v. *Alley*, 53 N. Y. 637; *Evans* v. *Lingle*, 55 Ill. 455; *Kelsey* v. *Ward*, 16 Abb. Pr. 98; *Ostell* v. *Le Page*, 21 Eng. Law & Eq. 640. But a somewhat careful study of the authorities generally, and especially those in the federal courts, and of the legal reasons on which the doctrine rests, leads me to the conclusion that this is too narrow a definition, and would not in all cases answer the requirements of the rule; but, on the contrary, would exclude a great many which are plainly within its reasons and policy.

And the conclusion seems to me to be inevitable that, where the question is whether the present suit can proceed notwithstanding another one of prior instance is pending, the inquiry must be whether the transaction or *res* which constitutes the subject of inquiry and decision is the same, so that, when decided, there would be a judicial estoppel of the parties upon that matter. The purposes of the rule are twofold: *First*, to prevent collision between courts; and, *second*, to assure to parties a certain and unfluctuating adjudication of their rights. It may be that the first of these purposes is not so manifestly involved in cases where the subject which has been drawn within the jurisdiction of the court is a right rather than a tangible thing, because the danger of actual collision is not so great; but the mischief to the parties and the unseemliness of the conflict in jurisprudence are the same; and it seems to me that the other reasons than that of the danger of actual conflict in the execution of process furnish a sufficient foundation for the doctrine, and that it ought to be applied where those reasons exist. *Insurance Co.* v. *University*, 6 Fed. Rep. 443, (a case not distinguishable in any material circumstance from the present;) *Bruce* v. *Railroad Co.*, 19 Fed. Rep. 342; *Peck* v. *Jenness*, 7 How. 612; *Chittenden* v. *Brewster*, 2 Wall. 191.

It is quite likely that there is a distinction between those cases where the question is whether the former suit is one pleadable in strict abatement of the second, and those where the pendency of the former suit is presented as the ground for staying proceedings in the second. There would seem to be something of practical substance in that distinction; and, if so, it would furnish ground for holding, with complainant's counsel, that, in order to be pleadable in abatement, the first suit must be for the same purpose as the second, and substantially the same relief obtainable; and, *vice versa*, I should be required to hold that, when the subject-matter has been drawn into another jurisdiction for some purpose which may involve a decision upon its merits, the court should stay the second suit brought for a different purpose, and for relief not obtainable in the first suit, until the determination of the first, when the subject-matter is released from the hold of the court impressed or not by the adjudication,which that court has made.

Upon this reasoning it would follow that, while the matter of the plea is not strictly pleadable in abatement of the present suit, it exhibits a state of facts which should induce this court to stay all further proceedings here until the determination of the suit in the Eastern district, or until the further order of this court; and such will be its order.