## UNITED STATES v. 75.2 ACRES OF LAND IN BOROUGH OF CONFLUENCE, SOMERSET COUNTY et al.

### No. 1753.

District Court, W. D. Pennsylvania.

Jan. 9, 1942.

---

[1] No opinion for publication.

Charles F. Uhl, U. S. Atty., Elliott W. Finkel, Sp. Asst. to the U. S. Atty., and L. A. Layton, all of Pittsburgh, Pa., and Bernard J. Flynn, U. S. Atty., and C. Ross McKenrick, Asst. U. S. Atty., both of Baltimore, Md., for the United States.

John E. Evans, of Pittsburgh, Pa., for Confluence & Oakland R. R. Co., and another.

GIBSON, District Judge.

On January 8, 1942, pursuant to notice, hearing was given upon the petition of the United States for immediate possession of 75.2 acres of land in the Western District of Pennsylvania, which is the subject of condemnation proceedings as a site for one of a series of dams about to be constructed by the United States by authority of statute.

In addition to counsel for the United States the McCullough Coal Company appeared by counsel and asked to be allowed to intervene. It appearing by the petition that the Government sought no property of the Coal Company, and that the asserted injury to it was consequential and not one upon which it could base an action against the United States, the court refused to allow formal intervention, but nevertheless allowed counsel for the Coal Company to be fully heard in opposition to the requested order for immediate possession.

By the testimony offered it appeared that the construction of the dam would be delayed for an extra year unless the Government were given possession of the site by January 15, 1942, or shortly thereafter. This being so, the court would have signed the requested order for immediate possession had it not been for collateral matters which developed.

In the acquisition of the site the Government did not originally proceed by condemnation, but sought to deal amicably with the interests involved. Among these interests were the Confluence and Oakland Railroad Company and the Baltimore and Ohio Railroad Company. After negotiations, a petition was filed with the Interstate Commerce Commission wherein the Commission was asked to allow the discontinuance of the Confluence and Oakland spur. After hearing the Commission granted the abandonment. Thereupon the McCullough Coal Company and the Maryland Public Service Commission instituted an action in the District Court of Maryland to enjoin the Railroad from proceeding under the order. After hearing before a statutory three-judge court, Purcell v. United States, D. C., 41 F.Supp. 309, the order was sustained and the Coal Company and Commission gave notice of an appeal. At the time the matter was heard in the lower court it was commonly agreed that no action was to be taken pending decision by the Supreme Court upon the appeal, and a stay order was signed, without objection, by the court. The appellants were somewhat slow in perfecting the appeal, and later counsel for the Government learned, after investigation of conditions in the Supreme Court, that it would not be possible to obtain a decision from that Court in time to allow a completion of the dam in the present year, and that the effect of the delay would be to put off the continuance of the work for a year. Thereupon condemnation proceedings were instituted in Maryland and this District to free the dam site from the Confluence and Oakland Railroad.

Unfortunately, the reasons underlying the change in procedure were not duly explained to Judge Coleman of the Maryland District, and when a petition was presented to him wherein immediate possession was prayed and that a day be fixed for hearing thereon, his reaction was quite natural. He went into an immediate hearing upon the petition and denied it. United States v. 43.7 Acres of Land in Garrett County, D. C., 43 F.Supp. 347.

The proceeding in this District and that in Maryland relate to the same subject matter and are so closely related that conflicting decisions in the two Districts are exceedingly undesirable. This court, therefore, will reserve its decision upon the petition until the like Maryland petition has been fully heard and considered by the court there. We are informed that a rehearing upon that petition has been fixed for on or about the 12th instant.