**REMINGTON PRODUCTS CORP. et al. v.
AMERICAN AEROVAP, Inc.**

No. 110, Docket 22124.

United States Court of Appeals
Second Circuit.

Argued Nov. 15, 1951.

Decided Dec. 4, 1951.

Morris Relson, New York City (Darby & Darby and Floyd H. Crews, all of New York City, of counsel), for plaintiffs-appellants-cross-appellees.

Morris Hirsch, New York City (Arthur B. Colwin, New York City, of counsel), for defendant-appellee-cross-appellant.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

PER CURIAM.

Remington Products Corporation, hereinafter called Remington, organized under the laws of New Jersey, and American

Aerovap, Inc., a New York corporation, to be called Aerovap, both manufacture and sell in interstate commerce an insecticide vaporizer for the control of insects within enclosed spaces. Aerovap owns Design Patent No. 158,552 for a "Combined Wall Bracket and Vaporizer Casing," Patent No. 2,540,095 for a "Vaporizer Dispenser" and Patent No. 2,541,637 for a "Method of Vaporizing Lindane in Ventilated Rooms."

Alleging that Aerovap had groundlessly accused Remington and its distributors of infringing the above patents and was thereby trying to intimidate them and drive them out of business as well as to induce certain of their key employees and agents to leave their employ, Remington and Electro-Vap Corporation, a Florida corporation which is Remington's Florida distributor, brought this suit against Aerovap for a declaratory judgment holding the above patents invalid or not infringed and to recover damages for unfair competition.

Shortly thereafter Aerovap sued the plaintiff Electro-Vap Corporation, The Porbur Corporation, a Florida corporation which is a user of the Remington vaporizer there, and two other Florida users of the Remington product, in the District Court for the Southern District of Florida for infringement of Patent No. 2,541,637. Porbur Corporation became a party plaintiff in the New York action after the Florida action was begun.

Aerovap's motion for a summary judgment in the court below having been denied, the court enjoined it, and those in privity with it, from prosecuting the Florida suit until final judgment in the New York action, and from representing in any way that the Remington vaporizer is "not reliable or is unsafe." Restraint from threatening customers or prospective customers of Remington and its distributors with suits for infringement of the above patents, and from asserting that, "Insect control by the revolutionary Aerovap method with complete safety to employees, visitors and guests can be obtained only by use of the genuine Aerovap" was denied. An appeal from the injunction order was taken by both sides.

On the record below we find no error. It is apparent that there is an actual controversy between the parties at least as to the validity and infringement of Patent No. 2,541,637. In the New York suit the parties include the manufacturer, a distributor and a user of the Remington vaporizer. All the issues are, or can be, there joined and the balance of convenience appears to be in favor of that action. Moreover, it was the first suit brought, and absent the showing of balance of convenience in favor of the second action, it should have priority. Hammett v. Warner Bros. Pictures, Inc., 2 Cir., 176 F.2d 145; Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 3 Cir., 189 F.2d 31; Crosley Corp. v. Hazeltine Corp., 3 Cir., 122 F.2d 925.

Nor was there any abuse of discretion in preventing, pending the trial, the disparagement of the Remington vaporizer as unreliable or dangerous to use.

The plaintiffs' appeal from the denial of its motion to enjoin infringement notices is also without merit, Kaplan v. Helenhart Novelty Corp., 2 Cir., 182 F.2d 311, as is the appeal from the refusal to enjoin the other allegedly disparaging statement.

Affirmed.