Ivan CULBERTSON, Plaintiff,

v.

MIDWEST URANIUM COMPANY,
Defendant.

No. C–51–55.

United States District Court
D. Utah, Central Division.

July 14, 1955.

Ivan Culbertson, pro se.

Samuel Bernstein, Salt Lake City, Utah, for defendant.

CHRISTENSON, District Judge.

This is an action brought by plaintiff, a citizen of Arizona, against the defendant, a corporation organized under the laws of Utah, for alleged conversion of 400,000 shares of common stock of the Midwest Uranium Company, represented by certificates numbered 603, 604, 605 and 607, allegedly of the value of $64,-000. Judgment of $64,000 with interest and costs is prayed for.

The defendant has moved to dismiss the complaint on the grounds that it does not state a claim upon which relief can be granted and because "There is another action pending in the United States District Court of the District of Colorado between the same parties involving the same subject matter." As to the first stated ground, the motion to dismiss is denied, the complaint clearly stating a claim for conversion.

In support of the second ground of the motion, defendant has introduced, without objection, a certified record of the proceedings in the United States District Court for the District of Colorado, Civil Cause No. 4788, "Ivan Culbertson v. Midwest Uranium Company". In the complaint in Colorado it is alleged that plain-

tiff is the owner and holder as a bona fide purchaser for value, of 400,000 shares of the common stock of the defendant, Midwest Uranium Company, of a nominal or par value of one cent each, said stock being represented by certificates numbered 603, 604, 602 and 605; (the complaint in this court identifies the certificates as numbers 603, 604, 605 and 607. Presumably this discrepancy is a clerical error, since the total number of shares is the same); that these certificates are presently registered in the records of the defendant corporation in the name of A. P. Preston and have been assigned in blank, with signature guaranteed by the Colorado State Bank of Denver, Colorado; that plaintiff presented the certificates to the proper officer of the defendant corporation and requested transfer into his own name but that the defendant corporation refused to transfer them as requested, despite tender of the amount required and the amount required to pay the costs of the necessary stock transfer stamps. Plaintiff demands that the defendant corporation be required to forthwith transfer into the name of the plaintiff or his nominee the said shares and certificates and deliver the same to plaintiff and that plaintiff be awarded costs. The answer in the Colorado case denies the principal allegations of the complaint but admits that the certificates described in the complaint were registered in the name of A. P. Preston at the time of filing the complaint, and that the plaintiff presented the certificates to the proper officer of the defendant corporation and requested transfer; the defendant denies that it has refused to transfer the shares and certificates and affirmatively alleges that it has, in fact, transferred 387,523 shares of the stock described in the complaint to the plaintiff or his nominee. Affirmatively, the defendant alleges that the plaintiff is not the owner and holder as a bona fide purchaser for value of the stock set forth and described in the complaint and that said stock was invalidly issued and issued without consideration.

Plaintiff made no showing that the balance of convenience would favor adjudication in this Court, except to suggest that the reason this action was filed was the alleged crowded condition of the United States District Court for Colorado. The statement partakes of the nature of a confession without an avoidance, since implicit in it is the concession that in the Colorado suit, necessary relief could be granted; yet no real indication was furnished that the Colorado suit could not be disposed of at any early date if plaintiff so desired, or that plaintiff had made efforts toward an early setting. Plaintiff's failure to file any brief in support of his position, despite the granting of adequate time therefor at his request, does not strengthen the showing made by him. However, I have endeavored to become advised fully as to the law, and the considerations that should govern me, independent of the latter circumstances.

■ It is generally held that between two federal courts, the one first acquiring jurisdiction of a given case should be permitted to decide it without interference by the other, and that the plaintiff in the first forum may enjoin the defendant from proceeding as a plaintiff in the second forum. Remington Products Corp. v. American Aerovap, Inc., 2 Cir., 1951, 192 F.2d 872; Food Fair Stores, Inc., v. Square Deal Market Co., Inc., 1950, 88 U.S.App.D.C. 176, 187 F.2d 219; Speed Products Co., Inc., v. Tinnerman Products, Inc., 1948, 83 U.S.App.D.C. 243, 171 F.2d 727; Brooks Transp. Co. v. McCutcheon, 1946, 80 U.S.App.D.C. 406, 154 F.2d 841; Triangle Conduit & Cable Co., Inc., v. National Electric Products Corporation, 3 Cir., 1942, 125 F.2d 1008, reversed 138 F.2d 46, certiorari denied 316 U.S. 676, 62 S.Ct. 1046, 86 L.Ed. 1750; 320 U.S. 784, 64 S.Ct. 191, 88 L.Ed. 471; Crosley Corporation v. Hazeltine Corporation, 3 Cir., 1941, 122 F.2d 925, certiorari denied 315 U.S. 813, 62 S.Ct. 798, 86 L.Ed. 1211.

The above cited cases are not on all fours with the problem at hand. In the

present case we are not dealing with a defendant who attempts to choose a more convenient forum; we are here dealing with a plaintiff, who, himself, files a subsequent action in a second federal court. The cases indicate that the defendant in this situation may be entitled to have the plaintiff enjoined from proceeding in the second forum. In re Georgia Power Co., Georgia Power Co. v. Tennessee Valley Authority, 5 Cir., 1937, 89 F.2d 218, certiorari denied 302 U.S. 692, 58 S.Ct. 11, 82 L.Ed. 535; Old Charter Distillery Co., Inc., v. Continental Distilling Corporation, D.C.D.Del., 1945, 59 F.Supp. 528.

The defendant has not moved the Colorado Court to enjoin the plaintiff from proceeding in Utah; rather, the defendant has moved this Court to dismiss the action pending before it. The defendant argues that the Utah action should be abated, and that a motion to dismiss is the proper procedure. Abatement of plaintiff's action in this forum, which would be tantamount to a dismissal, (see 1 Am.Jur. 42, Abatement and Revival; also 19 A.L.R.2d 305–306), is not proper, strictly speaking, since the issue does not involve courts of the same jurisdiction.

■ However, a court of another jurisdiction is not without power to apply principles of proper judicial administration, economy of time and appropriate deference to another court first acquiring jurisdiction. The power to stay proceedings is incidental to the power inherent in every court to control the disposition of cases on its docket in view of these principles. Landis v. North American Co. v. American Water Works & Electric Co., Inc., 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153. Where suits involving substantially the same subject matter were commenced before the Eastern and Western District Courts for the District of Michigan, it was held that while the suit in the Eastern District was not strictly pleadable in abatement, the Court should stay all further proceedings in the Western District until the determination of the suit in the Eastern District. Hurd v. Moiles, C.C.W.D.Mich.,N.D., 1886, 28

F. 897; 19 A.L.R.2d 304; see also 1 C.J.S., Abatement and Revival, § 66, p. 100. This Court has authority to stay these proceedings until a determination of the action in the Colorado Court, if it is determined that the parties and the causes of action are substantially the same. Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 1951, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200; International Nickel Co., Inc., v. Martin J. Barry, Inc., 4 Cir., 1953, 204 F.2d 583; Hurd v. Moiles, supra; United States v. 75.2 Acres of Land in Borough of Confluence, Somerset County, D.C.W.D.Pa., 1942, 43 F.Supp. 345; 19 A.L.R.2d 289–326.

■ The usual tests of identity of actions are whether a final judgment or decree in the one action would operate as a bar to the other, or whether the same evidence will support both actions. 1 C.J.S., Abatement and Revival, §§ 40–42, pp. 63–71. The action in Colorado is one for specific performance, compelling the defendant to transfer on its books certain stock certificates. The action in Utah is one for damages resulting from the alleged conversion by the same defendant of the same stock certificates. If there were involved strictly a plea in abatement, some difficulty might be encountered in fulfilling the requirement of identity of cases. However, defendant's motion may, and will, be treated as a motion to stay this action pending the determination of the action in Colorado. Where courts have considered the staying of an action pending the outcome of a prior action, they have not concerned themselves with the same strict tests of identity as have the courts in abatement cases. Hurd v. Moiles, supra; and see International Nickel Co., Inc., v. Martin J. Barry, Inc., supra, wherein the parties were different; and Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., supra.

■ At this time, it seems probable that a determination of the Colorado case will either be res judicata or at least determinative of an important issue in this case. In view of all the circumstances before the Court, and in light of the foregoing principles of law, it appears un-

necessary and undesirable to now proceed with this action. In order to prevent possible conflict between the two courts, unnecessary duplication of litigation, annoyance and harassment of the defendant, and for related reasons which readily suggest themselves, this action should be stayed pending the determination of the action in Colorado. It is so ordered.