**The EMERSON ELECTRIC MANUFAC-TURING COMPANY, a corpora-tion, Plaintiff,**

v.

**EMERSON RADIO AND PHONOGRAPH CORPORATION, a corporation, Defendant.**

**Civ. A. No. 747–53.**

United States District Court
D. New Jersey.
May 4, 1956.

Harry B. Rook, Newark, N. J., Kingsland, Rogers & Ezell, St. Louis, Mo., by Edmund C. Rogers, St. Louis, Mo., of counsel, for plaintiff.

Harkavy & Lieb, by Abraham I. Harkavy, Newark, N. J., Paul, Weiss, Rifkind, Wharton & Garrison, by Edward N. Costikyan, New York City, of counsel, for defendant.

HARTSHORNE, District Judge.

■ This case raises a problem of judicial administration—where the proper zeal of counsel for their clients has engaged several Federal Courts in the consideration of the same, and closely similar, issues between the same, and closely similar, parties. Since Federal litigation is increasing much faster than is the number of Federal Judges, these Courts, in fairness to litigants generally, can not permit their time to be monopolized unnecessarily by a single set of litigants. In short, the Courts themselves should prevent unnecessary litigation, according to the criterion of, not the mere "rule of thumb" priority in time, but of where the relief sought can be " 'more expeditiously and effectively afforded' " under the facts. Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 3 Cir., 1951, 189 F.2d 31, 35, affirmed 1952, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200.

We turn to the facts, which are found to be as follows:

In September 1953 plaintiff Emerson Electric Manufacturing Company of St. Louis—Emerson St. Louis—brought suit in the District of New Jersey against defendant Emerson Radio and Phonograph Company of New York—Emerson New York—charging trade-mark infringement and unfair competition, in Emerson New York's use of the name "Emerson" in connection with the sale of unit air conditioners and otherwise. About a year and a half later, in March 1955, Emerson St. Louis commenced suit in the United States District Court for the Eastern District of Missouri, Eastern Division, against Emerson New York and Broadwell & Company, the distributor of Emerson New York in that area, charging them both with similar trade-mark infringement and unfair competition. Within a month Emerson New York, in the Missouri suit, successfully moved to quash service against it, and Broadwell's motion to have the action against it transferred to New Jersey was denied. Thereafter, in the New Jersey suit various proceedings were taken, such as the filing of an amended complaint by Emerson St. Louis, of a counterclaim shortly thereafter by Emerson New York, the taking of certain depositions, the pre-trial of the cause, and otherwise. On March 22, 1956, the Missouri Court set June 18th for trial. The very next day, on the call of a lengthy trial calendar, the New Jersey Court, over the objection of Emerson New York, set the trial for the coming fall. (The temporary stay against Emerson St. Louis, granted in new Jersey, would seem immaterial, since it was promptly dissolved without argument.)

Emerson St. Louis asserts that the issues in the two suits differ, particularly that as to unfair competition. Emerson New York asserts the contrary. These are, however, mere assertions, with no factual showing either way, save that, as one element of unfair competition, Emerson New York has initiated a nation-wide advertising campaign, claiming its right to the use of the disputed word "Emerson", while Broadwell has initiated a similar campaign in Missouri, for which Emerson New York may be partially responsible. So much for the material facts.

It will aid in solving this problem of judicial administration if we bear in mind the general principles already laid down by the courts in that regard:

■ (1) Duplicate litigation should be avoided for the benefit, not so much of the courts, as of litigants generally. Crosley Corp. v. Hazeltine Corp., 3 Cir.,

1941, 122 F.2d 925, certiorari denied 315 U.S. 813, 62 S.Ct. 798, 86 L.Ed. 1211; Kerotest, supra.

■ (2) As between coordinate courts of the same sovereignty, involved in duplicate litigation, that prior in time should have precedence, assuming that other factors, such as convenience of the parties, expedition and effectiveness of judgment, do not countervail. Crosley, supra; Kerotest, supra. However, due to statutory restraint, or that by comity, courts of different sovereignties are not controlled by the above rules, discretionary though they be. Crosley, supra.

■ (3) But where either the parties are different, or the issues are different, the litigation is then not duplicate, so that the above principles, while to be borne in mind, are not controlling. Triangle Conduit & Cable Co., Inc., v. National Electric Products Corp., 3 Cir., 1943, 138 F.2d 46.

Applying the above principles to the above facts, we note at once that the parties to the two suits now being considered differ. Emerson New York is the sole defendant in the prior suit in New Jersey, while Broadwell, Emerson New York's distributor, is the sole defendant in the suit later instituted in Missouri. As to the issues, regardless of a possible difference in that as to trade-mark infringement, the unfair competition with a third party of a distributor, either by advertisement or in other ways, may well differ in fact, and in law, from that by the manufacturer of the goods so distributed. Rathbone, Sard & Co. v. Champion Steel Range Co., 6 Cir., 1911, 189 F. 26, 37 L.R.A.,N.S., 258. As to this theoretic difference in issues between the New Jersey and Missouri suits, the Court is met with contrary assertions, but no determinative facts either way. We thus have a clear difference in fact in parties, and a clear difference in theory as to issues. Such being the case, the litigation in New Jersey and in Missouri is not duplicate, and the above principles as to duplicate litigation are not governing. Indeed,

for one court to stay the parties from proceeding in another court, with another party, to try a different issue, would amount to denying a litigant the right to try his case, in short, a denial of justice.

It is no answer to say that Emerson New York, the manufacturer, has here taken up, in Missouri, the defense of its distributor Broadwell. At most, such defense concerns only the acts of Broadwell. Broadwell's acts differ in theory, and, according to the contention of Emerson St. Louis, in fact, from the acts of Emerson New York. The Missouri Court can only adjudicate what Broadwell did, not what Emerson New York did, throughout the country. So the decision in the Missouri suit can only bind Emerson New York, by the application of the doctrine of res judicata, as to whether Broadwell's acts were unfair competition, not as to whether Emerson New York's acts throughout the country were unfair competition. The issues in the two cases remain distinct, despite the defense of the distributor Broadwell by the manufacturer, Emerson New York.

■ Such being the legal situation, no injunction should issue in New Jersey preventing the parties from proceeding in Missouri, in the absence of proof demonstrating that the litigation is indeed duplicate. Triangle, supra. This is irrespective of the fact that Emerson New York has delayed for more than a year in asking to have Emerson St. Louis stayed from proceeding with its later suit in Missouri.

Nor is Urbain v. Knapp Brothers Mfg. Co., 6 Cir., 1954, 217 F.2d 810, to the contrary. There the sole issue was as to the infringement of a single patent by a single product manufactured by one defendant and distributed by another. An adjudication as to whether that product was an infringement, and whether the patent was valid would decide all the issues, since it was the gist of both suits. Here, on the contrary, the adjudication as to unfair competition in

one suit will not foreclose the issue as to unfair competition in the other.

It follows, as a conclusion of law, that the issues in the Missouri action are not the same as those in the New Jersey action. It further follows that this Court should not enjoin the parties before it from proceeding in the Missouri Court, even though such proceedings were instituted later.[1]

An order may be entered accordingly.

---

1. At best this leaves two Federal Courts with the duty of having to consider these issues of unfair competition, plus trade-mark infringement, a portion of which is bound to be repetitious, both here and in Missouri, an undesirable situation from the standpoint of the effective use of the courts for the benefit of litigants generally. This Court would thus suggest to counsel that they alone can, and should, take action to avoid this unfair impediment to litigants generally, by seeing that these issues, in part the same, in part different, are tried but the once. This can be simply done in either of two ways. (1) Were Emerson New York to appear as a party in the Missouri litigation, in addition to defending Broadwell as a party, the issue as to the separate possible unfair competition and trade-mark infringement of Emerson New York could then be tried there, together with the similar, but not identic, issue of Broadwell's acts in both those regards. Were this to eventuate, this Court would, of course, stay the case here. (2) Or, were Broadwell voluntarily to become a party to the cause here, this cause, started before the Missouri cause, would become, not only a duplicate of the cause in Missouri, but it would also cover the entire litigation, including the issues as to the acts of Emerson New York itself throughout the entire country. In that event, doubtless the Missouri Court would stay its hand, if, indeed, this Court would not be compelled to stay the parties from proceeding in Missouri. Kerotest, supra.