The EMERSON ELECTRIC MANUFAC-
TURING COMPANY, a corpora-
tion, Plaintiff,

v.

EMERSON RADIO AND PHONOGRAPH
CORPORATION, a corporation,
Defendant.

Civ. A. No. 747.

United States District Court
D. New Jersey.

June 13, 1956.

Harry B. Rook, Newark, N. J., Kings-
land, Rogers & Ezell, Edmund C. Rogers,
St. Louis, Mo., of counsel, for plaintiff.

Harkavy & Lieb, Abraham I. Harkavy,
Newark, N. J., Paul, Weiss, Rifkind,
Wharton & Garrison, New York City, of
counsel, for defendant.

Harkavy & Lieb, Abraham I. Harkavy,
Newark, N. J., for intervenor Broadwell.

HARTSHORNE, District Judge.

May 4, 1956, 140 F.Supp. 588,
this Court entered its opinion herein
based upon the principle that "since Fed-
eral litigation is increasing much faster
than is the number of Federal Judges,
these Courts in fairness to litigants gen-
erally, can not permit their time to be

monopolized unnecessarily by a single set of litigants. In short, the Courts themselves should prevent unnecessary litigation * * *." But this Court then concluded that since "the issues in the Missouri action are not the same as those in the New Jersey action * * * this Court should not enjoin the parties before it from proceeding in the Missouri Court, even though such proceedings were instituted later".

Thereafter the parties proceeded to take the following action: (1) Broadwell, defendant in the Missouri action, represented there by attorneys who acted in New Jersey for Emerson N. Y., asked the Missouri Federal Court to stay the trial of the Missouri action then set for June 18th. This application was denied by the Missouri Court. (2) Broadwell then asked this Court to be permitted to intervene in the New Jersey action, at the same time notifying Emerson St. Louis that if, and when, such intervention was ordered, it would ask this Court to stay Emerson St. Louis from proceeding with the above trial of the Missouri action. (3) This application was heard by this Court, and Broadwell was permitted to intervene in the New Jersey action, since it appeared (a) that there was real question if the entire controversy could be disposed of in the Missouri Court, but that (b) on such intervention the entire controversy between all parties concerned could be tried once and for all in this Court, this Court advising counsel that the trial would be held in September, 1956. (4) That same afternoon, but thereafter, Emerson St. Louis obtained an order in the Missouri action, staying Broadwell from proceeding in the New Jersey action, the Missouri Court being advised of the possibility of the above application for intervention, but not being advised of the fact that the intervention had been already ordered by the New Jersey Court. Nor was the New Jersey Court advised by counsel till the next day, of this stay in Missouri or of the application therefor. (5) Immediately after Broadwell was permitted to intervene in the New Jersey action, it and Emerson N. Y. applied for a stay against Emerson St. Louis, the plaintiff in such action, to prevent Emerson St. Louis from proceeding in the Missouri action.

To this stay, Emerson St. Louis objected, claiming that all issues involving all three parties in both actions could be disposed of in the Missouri action, thus avoiding "unnecessary litigation" by the trial of the New Jersey suit at all. The theory of Emerson St. Louis here was that Emerson N. Y., by arranging for the defense of Broadwell in the Missouri action, had thereby not only estopped Emerson N. Y. from denying the issues which might be decided by the Missouri Court, but thereby had also enabled the Missouri Court to treat Emerson N. Y. as if it were a party to the Missouri action so as to enter a decree against it, as by an injunction, and a judgment against it for possible damages. This contention was disputed by Emerson N. Y., the authorities cited to the Court in that regard being either conflicting or varying with the facts. Compare Freeman-Sweet Co. v. Luminous Unit Co., 7 Cir., 1919, 264 F. 107; Gulf Smokeless Coal Co. v. Sutton, Steele & Steele, 4 Cir., 1929, 35 F.2d 433; Van Kannel Revolving Door Co. v. Winton Hotel Co., D.C. N.D.Ohio 1920, 263 F. 988; Dicks Press Guard Mfg. Co. v. Bowen, D.C.N.D.N.Y. 1916, 229 F. 193; Radio Corporation of America v. E. J. Edmond & Co., D.C.S.D. N.Y.1927, 20 F.2d 929, 932; Ocean Accident & Guarantee Corp. v. Felgemaker, 6 Cir., 1944, 143 F.2d 950; Searchlight Horn Co. v. American Graphophone Co., D.C.Conn.1916, 240 F. 745; Swenson v. Boos, D.C.Minn.1945, 61 F.Supp. 704; S. S. Kresge Co. v. Winget Kickernick Co., 8 Cir., 1938, 96 F.2d 978.

The next day the New Jersey Court, on being advised of the entry of the above stay in Missouri, telephoned the Missouri Court, with the attorneys on both sides at hand, to verify the facts, and to inquire again (as it had over the telephone the previous day) whether that Court had a further suggestion as to how to avoid unnecessary litigation. The situation thus is, particularly in view of the coun-

terclaim filed by Emerson N. Y. in the New Jersey suit, that the New Jersey suit is the only one which can clearly determine the entire controversy between the parties, once and for all, this power in the Missouri Federal Court being subject to real question.

However, the matter of proper court administration—in avoiding "unnecessary litigation" for the benefit not of the courts themselves, but of litigants generally—would seem in the end, as between courts of the same sovereignty, jurisdiction, and level, to be a matter to be effectuated by judicial self-restraint, after each court becomes fully advised of all the facts. Such a course is clearly preferable, where counsel have neither taken the proper steps to avoid unnecessary litigation, in the first place, nor have kept the courts properly advised of their status elsewhere, thus creating a potential judicial impasse.

For this Court now to stay Emerson St. Louis from proceeding with the trial of the Missouri case, at a time when Broadwell, the defendant in the Missouri case, is stayed from defending in the New Jersey case, where it is now a party, would simply result (disregarding contempt proceedings), if these stays are continued, in preventing the parties from obtaining a complete determination of their controversies in either the New Jersey or the Missouri court. This result would do justice to no one, and at the same time might result in that very unnecessary litigation which this Court has been seeking basically to avoid.

On the other hand, applying the rule of self-restraint, basic to proper judicial administration, and since both Courts now know the full facts, this Court should, and therefore will, refuse to stay Emerson St. Louis from proceeding before the Missouri Federal Court. Similarly this Court is clear, from the attitude of the Missouri Federal Court, that such Court may similarly desire to reconsider the matter of its stay in the light of the new facts now before it. In addition, the Missouri Federal Court will doubtless desire to consider the more basic question, as to avoiding unnecessary litigation, alluded to above—that is, whether, even if the Missouri Court proceeds with its proximate trial, same can dispose of all the issues between all the parties, or whether, even after such trial in Missouri, this Court must hold another trial in New Jersey, involving the same general controversies. Obviously, the Missouri Federal Court, in control of its own trial, has a better opportunity than has this Court to decide this question, in the light of the facts occurring in Missouri and of the above apparently variant authorities.

An order may be presented accordingly.