NATIONAL EQUIPMENT RENTAL, LTD., Plaintiff,

v.

A. L. FOWLER, D. O. Thomas and E. O. Thomas, individually, and doing business as Thomas & Fowler Poultry & Egg Co., Defendants.

Civ. No. 19165.

United States District Court
E. D. New York.
Feb. 16, 1960.

Wilbur G. Silverman, Brooklyn, N. Y., for plaintiff, for the motion.

Harry LeRoy Schulman, Brooklyn, N. Y., for defendants, by Besse E. Kessler, Brooklyn, N. Y., in opposition.

RAYFIEL, District Judge.

The plaintiff commenced this action on November 5, 1958 by filing its complaint, under which it seeks to recover damages for the defendants' breach of a written agreement for the lease of certain equipment, in failing to make payment of installments of rent provided for therein. Defendants' answer does not deny the making of the agreement, but claims that the plaintiff failed to deliver the equipment leased, and, as a counterclaim, that by reason of such failure it breached the said agreement to the defendants' damage in the sum of $36,000.

On April 27, 1959 the defendants commenced an action against the plaintiff in the United States District Court for the Northern District of Alabama, Southern Division, which is grounded on the same agreement involved in the instant case. The complaint therein states two causes of action. The first, for breach by this plaintiff of the aforementioned agreement, is similar to that stated in their counterclaim in the instant action, while the second charges that the plaintiffs (the defendants herein) were induced to enter into said agreement by fraud on the part of this plaintiff, and that the receipt for the equipment delivered to them was signed by an agent or other representative of the plaintiff herein without their consent. The plaintiff in this action sought, without success, to quash the service of process upon it in the Alabama action and to dismiss the complaint therein, or, as an alternative for the latter, a stay of the Alabama action pending the determination of this action, or, failing that, the transfer of said Alabama action to this Court for trial with the action herein.

The plaintiff has now moved here for an order (1) enjoining the defendants from prosecuting their said action in Alabama and (2) removing the same to this Court for consolidation and trial with this action. It argues that since the Alabama action was brought under the same agreement as that involved in this action the defendants were obliged to assert as a counterclaim herein the claims which are the basis of the Alabama action. Its authority therefor is Rule 13 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which reads in part, as follows:

"Compulsory Counterclaims. A pleading *shall* state as a counterclaim *any* claim which at the time of serving the pleading the pleader has against any opposing party, *if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim* * * *." (Emphasis added).

The claim asserted against the plaintiff by the defendants herein in the Alabama action does not come within any of the exceptions provided for in Rule 13(a), supra.

Plaintiff claims, also, that since this action was commenced first it should have priority in trial, and, further, that it has caused a statement of readiness to be served and filed and this case is now on the calendar of this Court. In support of its argument respecting the "priority in action" claim it cites several authorities hereinafter set forth.

The defendants contend that this motion constitutes a collateral attack on the Alabama order denying a stay or the transfer to this Court of that action, and that the plaintiff, if aggrieved by the same, should have appealed therefrom. I disagree. Both rule 13(a), supra, and the "priority of action" principle enunciated by the authorities hereinafter referred to, support the plaintiff's position.

In Brooks Transp. Co. v. McCutcheon, 80 U.S.App.D.C. 406, 154 F.2d 841, at page 842, the Court said, "As we have seen, his action here was first begun, and defendant duly appeared in the court below, admitted jurisdiction and pleaded

to the merits. In that state of affairs the universal rule is that the court here having assumed jurisdiction, all other courts should refrain from interference. It is well settled that as a matter of comity between Federal courts of equal jurisdiction, one district court will not go forward where proceedings have been begun previously on the same cause in another district court. Ryan v. Seaboard & R. Co., C.C., 89 F. 397. In such a situation the court which first has possession of the subject should decide it. Crosley Corp. v. Hazeltine Corp., 3 Cir., 122 F.2d 925, 929, 930; Carbide & Carbon Chemicals Corp. v. United States Industrial Chemicals, 4 Cir., 140 F.2d 47–49."

In Barber-Greene Co. v. Blaw-Knox Co., 7 Cir., 239 F.2d 774, at page 778, the Court in transferring an action brought by the defendant against his plaintiff in an earlier suit, quoted from Penn General Casualty Co. v. Commonwealth of Pa., 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850, as follows:

" 'When the two suits have substantially the same purpose and the jurisdiction of the courts is concurrent, that one whose jurisdiction and process are first invoked by the filing of the bill is treated * * * as authorized to proceed with the cause. * * *' " Culbertson v. Midwest Uranium Co., D.C., 132 F.Supp. 678, and Crosley Corporation v. Hazeltine Corporation, 3 Cir., 122 F.2d 925, 929, lend further support to the "priority in action" principle. See also Cresta Blanca Wine Co. v. Eastern Wine Corporation, 2 Cir., 143 F.2d 1012, 1014 and Speed Products Co., Inc. v. Tinnerman Products, Inc., 83 U.S.App.D.C. 243, 171 F.2d 727, 729, where the courts specifically stated that the action which is commenced first should be allowed to proceed.

The cases cited by the defendants in support of their several contentions are either inapposite or factually distinguishable from the instant case. As to Hinton v. Seaboard Air Line R. Co., 4 Cir., 170 F.2d 892, not only were the facts clearly distinguishable but the actions were not between the same parties and did not involve counterclaims. Baltimore & O. R. Co. v. Wabash R. Co., 7 Cir., 119 F. 678 is inapposite, as is Minneapolis Brewing Co. v. Merritt, Inc., D.C., 143 F.Supp. 146. In Emerson Electric Mfg. Co. v. Emerson Radio and Phonograph Corp., D.C., 140 F.Supp. 588, also cited by the defendants, Judge Hartshorne's denial of the application for injunctive relief was predicated on his finding that the parties and the facts in the subsequently-brought Missouri action sought to be stayed were different from those in the New Jersey action. Thereafter another application was made to Judge Hartshorne in the Emerson case for injunctive relief. That application was also denied (141 F.Supp. 645) but the decision was based on facts and circumstances which are entirely inapplicable here.

The issues in both cases, involving, as they do, the same agreement, can be determined in one trial, and that should be the trial of this action, which was commenced first.

Accordingly, plaintiff's motion is in all respects granted.