**RONSON PATENTS CORP. v. SPARKLETS DEVICES, Inc.**

No. 7923.

United States District Court
E. D. Missouri, E. D.

Dec. 7, 1951.

John H. Sutherland, of St. Louis, Mo., Ward, Crosby & Neal, of New York City, of counsel, for plaintiff.

Lawrence C. Kingsland and Edmund C. Rogers, of St. Louis, Mo., for defendant.

HULEN, District Judge.

(A)

This is a patent infringement suit based on a patent, the present effectiveness of which results from an Act of Congress extending the patent for a period of seven years. 78th Cong., Private Act 554, Approved Dec. 23, 1944, 58 Stat. 1095. Defendant moves to dismiss the complaint, claiming the Act of Congress was ineffective to extend the patent because of an error in describing the "reissue" date of the patent as "December 12, 1923". The correct date of reissue was "December 12, 1933".

We understand the law to be, if the error in a legislative act is apparent on the face of the act and can be corrected by other language of the act, it is not fatal. The rule is stated in 59 C.J. 991: "Mere verbal inaccuracies, or errors in statutes in the use of words, numbers, grammar, punctuation, or spelling, will be corrected by the court, whenever necessary to carry out the intention of the legislature as gathered from the entire act. If the legislative intent is clear, it must be given effect regardless of inaccuracies of language. * * * *"

The legislative act in question appears correct in all respects except date of the reissuance of the patent. The number of the patent, the title of the patent, the month and day of the month on which the patent was issued, the extension of the patent term from its expiration date, identification of the assignee of the patent, and reference to the patent as a reissued patent instead of as an original patent, are all correctly set forth in the legislative act. Any stranger could, by use of the information contained in the act, and without resort to other records, identify the patent.

Since the private act of extension, the Customs Court, in Emery, Holcomb & Blair v. United States, 89 U.S.Patents Quarterly 343, recognized the life of the reissued patent was extended for a period of seven years. There no difficulty was experienced in identifying the patent. The effectiveness of the legislative act has also been recognized in treasury decisions prohibiting importation of lighters infringing the reissued patent, as extended by the Act of Congress.

Defendant argues that in a legislative report in 1871, in recommending a bill to Congress to correct a date extending a patent in 1870, the Committee used the word "inoperative" in describing the effect of the Act of Congress in which the error appeared and reason for the corrective legislation. Committee Report on 16 Stat. at Large 584, March 3, 1871. It is not the function of the legislative department of the Government to pass on the

validity of their acts in a judicial proceeding. We are not convinced that the Committee report was intended to be used for the· purpose resourceful counsel is now urging it. Use of the word "inoperative" was an unfortunate expression.

■ We find there was a plain error in Private Act 554 of the 78th Congress, apparent on the face of the act, and the error can be corrected by other language of the act.

Motion for summary judgment and to dismiss the complaint is overruled.

(B)

■ Defendant presents an amended answer containing a counterclaim. Plaintiff resists the filing of the amended answer. The burden of plaintiff's complaint is the lateness with which the counterclaim is inserted into the case. The complaint was filed May 7, 1951. The original answer was filed June 27th. On July 19, over defendant's objection, the case was set for trial on October 23, 1951. October 9th the amended answer containing the counterclaim was lodged with the Clerk. On October .16th the case was reset for trial for December 17th on application of the defendant. Defendant offers no explanation as contemplated by the rule. In fact it appears that as early as July defendant expressed knowledge of. grounds for the counterclaim.

If the counterclaim is good it is a compulsory counterclaim. If not tried in this action defendant will lose its claim. The counterclaim alleges plaintiff is a wholly-owned subsidiary and that the parent company has engaged in a series of acts over a long period of time in violation of the Antitrust Act. Paragraph 27 of the proposed pleading is to the effect—"Plaintiff is only a patent-holding company, fashioned illegally about 1946, to which certain patents, including the patent in suit; were allegedly but illegally and ineffectually assigned, as a part of the conspiracy to enhance the monopolistic position" of Ronson Art Metal Works, Inc. (the additional party which defendant seeks to implead). Paragraph 28 of the proposed pleading charges that the directors and officers of plaintiff are all directors, officers or stockholders of Ronson Art Metal Works and that plaintiff is wholly dominated by the officers and directors of Ronson Art Metal Works and entirely operated by Ronson Art Metal Works as a tool to further the alleged conspiracy to enhance the monopolistic position of Ronson Art Metal Works. The proposed pleading then sets forth in detail alleged monopolistic acts of Ronson Art Metal Works. Paragraph 49 of the proposed pleading charges that the present action is not brought in good faith but is a part of the monopolistic plan and conspiracy of Ronson Art Metal Works in violation of the Antitrust Act. The charges against plaintiff in the counterclaim are serious and if true we think it would be a manifest injustice not to permit their presentation in this case on the present motion.

Plaintiff argues sufficiency of the allegations of the proposed pleading. We are now considering and determining solely the right of defendant to file the amended answer and counterclaim, not the legal implication of its allegations tested by the rules of pleading and evidence.

Defendant in this case may file the amended answer and counterclaim lodged with the Clerk as of October 9, 1951.

(C).

■ Defendant presents a motion to have Ronson Art Metal Works, Inc. brought in as a defendant, along with plaintiff, to the counterclaim filed by the defendant.

The motion refers to Federal Rules of Civil Procedure, rule 13(h), 28 U.S.C.A., as authority for the request. This rule provides that when the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim, the Court shall order such additional parties brought in as defendants.

When asked in oral argument why the additional party was necessary in the case, counsel for defendant stated two reasons: (1) that it would broaden the possibilities under discovery processes, and (2) there was some doubt if the plaintiff would be

financially responsible for a judgment on the counterclaim. The reasons advanced do not justify bringing in the additional party. But when the allegations of the pleadings are examined a more serious question presents itself. The purport of the pleadings is set out under the preceding heading. It appears that to grant complete relief on the issues pled, the presence of the additional party, Ronson Art Metal Works, Inc., should be in the case.

Motion to bring Ronson Art Metal Works, Inc. in as joint defendant to counterclaim is sustained.