## RONSON ART METAL WORKS, Inc. v. BROWN & BIGELOW (Inc.)

United States District Court
S. D. New York.
June 2, 1952.

See also, D.C., 104 F.Supp. 716.

**170**

·Ward, Crosby & Neal, New York City, for plaintiff, Kenneth S. Neal, New York City, of counsel.

.Thomas J. Byrne, New York City, for defendant.

WEINFELD, District Judge.

Plaintiff, Ronson Art Metal Works, Inc., a New Jersey corporation, and the defendant, Brown & Bigelow, Inc., a Minnesota corporation, are manufacturers and distributors of cigar lighters and together with affiliates are parties to a series of patent litigations. In addition to this action three others are pending in two District Courts of Minnesota, Third and Fourth Divisions. Three patents are involved in the suits, all closely related, one owned by plaintiff, known as the Flamm patent, for Gas Fueled Cigar Lighters, and two owned by the defendant, known as the Felt patent, for Liquified Petroleum Gas Lighters and a divisional one of this, referred to as the later Felt patent.

Plaintiff in this action moves (A) to enjoin the defendant herein, Brown & Bigelow, Inc., from prosecuting a later action brought by it against the plaintiff and Ronson Service of Minnesota, Inc., wholly owned by plaintiff, in the United States District Court for the District of Minnesota, Fourth Division, No. 3970, for infringement of the first Felt patent, pending determination by this Court of the first claim in the instant suit, which seeks a declaratory judgment that the said Felt patent is invalid and not infringed by the plaintiff; (B) for leave to file a supplemental complaint to set up a claim for a declaratory judgment that the second Felt patent, the divisional one, is invalid and not infringed by plaintiff; and (C) enjoining and ..restraining defendant, "pending final determination of the issues raised by the proposed supplemental complaint," from instituting or prosecuting any action in which it is charged that cigar lighter products of plaintiff infringe upon said divisional patent. ·

It will serve to simplify matters if each branch of the plaintiff's motion is considered separately.

## "A"

This action was commenced on December 31, 1951, and is first in point of time.[1] The complaint contains two claims: (1) for a declaratory judgment that patent No. 2561270, the earlier Felt patent, is invalid and not infringed by plaintiff's lighters; and (2) that patent No. 2571435, the Flamm patent, is infringed by defendant's lighters. Venue as to the first claim is based upon Section 1391(c) and as to the second, upon Section 1400(b), of Title 28, it being alleged that the defendant is doing business in the Southern District of New York and that it maintains a regular and established place of business therein.

Thereafter, on February 1, 1952, Brown & Bigelow, Inc. commenced an action against the plaintiff herein and Ronson Service of Minnesota, Inc., No. 3970, in the District Court of Minnesota, Fourth Division, prosecution of which plaintiff herein seeks to enjoin under subdivision "A" of its present motion. There, Brown & Bigelow, Inc. as plaintiff charges Ronson Art Metal Works, Inc. and its affiliate with infringement of the earlier Felt patent, the subject of the declaratory judgment and infringement claims in this suit.

The current motion for relief was served on May 6th. The next day Brown & Bigelow, Inc., the defendant herein, in its pending Fourth Division action, No. 3970, served an amended complaint for a declaratory judgment that plaintiff's Flamm patent is invalid and not infringed by said Brown & Bigelow, Inc.

Thus, the respective parties, plaintiff in its first two claims in this the New York suit and the defendant in its claim in the Minnesota suit, assert criss-cross charges as to the validity and infringement of the Flamm and the first Felt patents and each seeks a declaratory judgment that the other's patent is void and that its is valid.

## "B" and "C"

Plaintiff also seeks leave to file a supplemental complaint setting up a third claim for a declaratory judgment that the later Felt patent, which was issued on April 29, 1952, after the commencement of this suit, is also invalid and infringes upon plaintiff's patent; and under "C" as further relief, enjoining the defendant from instituting or prosecuting any claim thereon except in this suit.

Up to the time that plaintiff served its motion for the foregoing relief with respect to the later Felt patent, neither party had taken any action with respect thereto. But on May 6th, the very day that the plaintiff served its motion, the defendant, Brown & Bigelow, Inc., commenced a second action in the District Court of Minnesota, Fourth Division, No. 4075, against Ronson Art Metal Works, Inc. and Ronson Service of Minnesota, Inc., charging them with infringing upon the divisional Felt patent. Thus, the relief requested under "B," if granted, would bring into issue in this suit as the plaintiff's third claim the very subject of the defendant's claim in No. 4075 in Minnesota. Since the defendant has already instituted suit on that claim the only relief which may be considered under "C" is enjoining the prosecution of the action.

A further development is to be considered in the series of moves made by the parties.

On May 7, 1952, when the defendant in its Fourth Division Minnesota action, No. 3970, served its amended complaint for declaratory judgment that Flamm patent No. 2571435 was invalid, it took other action but in a different suit then pending in another Division of Minnesota. It appears that on May 5, 1951, Ronson Patents Corporation, wholly owned by the plaintiff, had commenced an action in the Minnesota District Court, Third Division, No. 2036, against Brown & Bigelow, Inc., thus antedating all the actions to which reference has been made up to this point. The complaint charged Brown & Bigelow, Inc. with in-

1. Except for a suit commenced by Ronson Patents Corporation, another wholly owned subsidiary of plaintiff, in the Third Division of the United States District Court of Minnesota, No. 2070, to which I shall presently refer.

fringement of reissue patent No. 19023, which is unrelated to the claim in the present suit. The defendant interposed a counterclaim charging plaintiff with activities proscribed by the anti-trust statutes. The action had been permitted to lie dormant for almost a year, but on May 7th, the day after the service of the present motion, Brown & Bigelow, Inc. moved for leave to amend its answer to include two additional counterclaims. One charges Ronson Patents Corporation with infringement of the first Felt patent and the other, after alleging that Ronson Patents Corporation claimed ownership of the Flamm patent, seeks a declaratory judgment that the said Flamm patent is invalid and not infringed by it, Brown & Bigelow, Inc. Parenthetically, the latter claim is precisely the same as that asserted by Brown & Bigelow, Inc. in its amended complaint in action No. 3970 in the Fourth Division of Minnesota, served on that very day, except that Ronson Art Metal Works, Inc. was alleged to be the owner of said Flamm patent.

Ronson Art Metal Works, Inc., the plaintiff herein, was not a party to the suit in the District Court of Minnesota, Third Division. Evidently, to meet this situation and also to encompass within that suit the later Felt patent, Brown & Bigelow, Inc. withdrew its motion and on May 14th replaced it with two others. In these motions, alleging that Ronson Patents Corporation is an alter ego of Ronson Art Metal Works, Inc., it seeks leave to amend its counterclaim to charge (a) both Ronson Patents Corporation and Ronson Art Metal Works, Inc. with infringing upon the first and the later Felt patents; (b) a declaratory judgment declaring the Flamm patent void and not to have been infringed by said Brown & Bigelow, Inc.; (c) to join Ronson Art Metal Works, Inc. as an additional party pursuant to Rule 13(h) of the Federal Rules of Civil Procedure, 28 U.S.C.

The foregoing conveys some idea of the various maneuvers which have marked the efforts of each party to secure priority of trial.

The relief prayed for under "B," that is, for leave to serve the supplemental complaint, and the amendments already made and those sought by the defendant in the Minnesota actions, would if granted, put the pleadings in the different actions in such posture that a trial of any of the suits would be dispositive of all issues involving the Flamm and the first and second Felt patents. The parties acknowledge that the issues of the several cases are substantially the same and are closely related in subject matter. A single trial will avoid duplication of judicial time and effort and likewise conserve the time of the parties, witnesses and counsel, and eliminate additional expense incident to several trials. Counsel are in accord as to this but inevitably disagree as to which action is entitled to the trial forum. Each argues for priority.

The issue is one of balance of convenience and its disposition may be said to turn upon those same factors which warrant the denial or grant of applications made on the ground of forum non conveniens under 28 U.S.C. § 1404(a).[2] There are no absolute and unyielding standards which govern its disposition. The various elements present in each case, including the interests of the litigants and public factors relating to the prompt and efficient administration of justice must each be given their due weight.[3]

In the instant case no claim is made by either party that the convenience of witnesses will be served, or conversely, that witnesses will be unduly inconvenienced, whether the case is tried in this District or in either District of Minnesota. Indeed, it appears that the parties are old hands at litigation in different districts of the country. Nor is there any showing that trial preparation and such deposition-discovery procedure as may be required will be rendered more difficult in one District or the other. Books, records or other evidential

2. Remington Products Corp. v. American Aerovap, Inc.; 2 Cir., 192 F.2d 872.

3. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055; Kero-test Manufacturing Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 72 S.Ct. 219; Remington Products Corp. v. American Aerovap, Inc., supra; Mottolese v. Kaufman, 2 Cir., 176 F.2d 301, 303.

items which may be required for the trial appear to present no problem—at least no contention is made with regard thereto. The element of expense to procure witnesses apparently is a matter of no moment since here, too, neither party has adverted thereto. There is no charge that the plaintiff selected this forum to annoy, vex or harass the defendant or that a trial here will present any impediment to the defendant in the full and proper assertion of its claims.

On the time factor, the weight is substantially in favor of the plaintiff. It has priority in starting suit here with respect to both the Flamm and the first Felt patents, and as to the second Felt patent it moved simultaneously with the defendant. It may be acknowledged that as to the latter claim, the defendant commenced its action first since plaintiff's motion for leave to serve its supplemental complaint is now under consideration.

The defendant presses a claim for seniority of position based not upon any action instituted by it but upon that commenced in 1951 by Ronson Patents Corporation in the District Court of Minnesota and wherein the plaintiff here is not yet a party.[4] It requests that this action take precedence over all others.

Mention has been made that that action had been dormant for a year when Brown & Bigelow, Inc. served its amended motion for leave to serve additional counterclaims with respect to the Flamm and the two Felt patents and to join the plaintiff herein as a party. The reason for this sudden activity is relevant to a consideration of the defendant's motives in seeking to inject those issues into that suit wherein plaintiff Ronson Patents Corporation was asserting a claim with respect to an entirely different patent reissue No. 19023.

Ronson Patents Corporation on the very day that it sued Brown & Bigelow, Inc. commenced another action in a different Court and against a different defendant charging infringement of its reissue patent No. 19023. The defendant was Sparklets Devices, Inc., a customer of Brown & Bigelow, Inc., and the action was commenced in the Eastern District. Brown & Bigelow, Inc. was later joined as a party defendant. A counterclaim was asserted (similar to the one interposed by Brown & Bigelow, Inc. in the action wherein it was the defendant in Minnesota), alleging anti-trust activities on the part of Ronson Patents Corporation, the plaintiff, and Ronson Art Metal Works, Inc. The latter, on motion, was brought into the suit as a party to the counterclaim.[5] Only the patent issue was tried, resulting in a judgment dismissing the complaint on the ground that reissue patent No. 19023 had not been infringed by the lighters made and sold by Brown & Bigelow, Inc. and Sparklets Devices, Inc.[6] Plaintiff's appeal therefrom is now pending in the Court of Appeals for the Eighth Circuit. No purpose would be served by another trial of the issue tendered by Ronson Patents Corporation in its Third District Minnesota suit, No. 2036, which concerns a patent not related to the Flamm and Felt patents and as to which an adjudication has already been made and is now the subject of review by an Appellate Court.

The defendant's amended motion in action No. 2036 for leave to serve additional counterclaims involving the Flamm and Felt patents, is clearly an attempt to latch itself on to that action because it ante-dates all others in point of time. This attempt to assert seniority is but one of a series of calculated moves by the defendant to overcome plaintiff's priority position in this action. To reward these stratagems would be

---

4. The assumption that if the motion to join Ronson Art Metal Works, Inc. is granted, the joinder as to it relates back to the date of commencement of suit, is open to question. Godfrey v. Eastern Gas & Fuel Associates, D.C., 71 F.Supp. 175; Williams v. Pennsylvania R. Co., D.C., 91 F.Supp. 652; Rule 15, Federal Rules of Civil Procedure.

5. Ronson Patents Corp. v. Sparklets Devices, Inc., D.C., 102 F.Supp. 123.

6. 93 United States Patent Quarterly, issue of May 24, 1952; The anti-trust counterclaim phase of the Missouri litigation was severed and has not as yet been tried.

paying homage to the "sporting theory of justice." [7]

■ Finally, the defendant urges that an earlier trial may be had in the Minnesota Courts. The narrow question is whether the plaintiff's priority position is overcome upon a mere showing that an earlier trial may be had in the later action. While this circumstance is an important element, it is to be weighed together with all other relevant considerations in determining which suit is entitled to go forward.[8] But standing alone and absent a countervailing balance of convenience favoring the subsequent suit, it is not sufficient to defeat a litigant's right to trial in the forum in which he commenced suit first. To give controlling weight to the likelihood of an earlier trial in the Minnesota District Court when the plaintiff was "forehanded" in starting suit here, and where no balance of convenience favors the defendant, would be destructive of the plaintiff's "choice of forum"—a choice which the Supreme Court has held should rarely be disturbed.[9] Where otherwise the balance of convenience favors the action pending in this District, the fact that the calendars are crowded or Judges overworked does not warrant the denial of the Court's forum to a litigant. "Jurisdiction to litigate is not * * * to be granted or withheld by a court at its wish or convenience." [10]

■ Were the defendant's position to be sustained, in view of the congested calendar condition in this District, it would follow almost automatically on applications of this kind or those made pursuant to Section 1404(a) of Title 28 that such pending actions in this District either would be stayed or transferred to other Districts. It may be noted that the precise calendar differential now urged by the defendant was one of the grounds [11] relied upon for a stay of the Southern District action and was held unavailing in Remington Products Corp. v. American Aerovap, 2 Cir., 192 F.2d 872; see also Glasfloss Corporation v. Owens-Corning Fiberglas Corporation, D.C., 90 F. Supp. 967.

We hope, of course, that the current condition of the calendar is not chronic and that there will be an amelioration thereof, whether by reason of a pending bill to increase the Judges, as recommended by the Judicial Conference or through intensive pretrial calendars and other procedural improvements.[12] True, the law's delays are irksome, but the defendant up to the time plaintiff commenced its action here and thereafter applied for the present relief, showed no disposition to press for immediate trial of the presently asserted claims.

On all the facts the balance of convenience supports plaintiff's application and the motion is granted.

Settle order on notice.

7. Hoffman v. Palmer, 2 Cir., 129 F.2d 976, 996.

8. Gulf Oil Corp. v. Gilbert, supra, footnote 2; Ortiz v. Union Oil Co. of California, D.C., 102 F.Supp. 492.

9. Gulf Oil Corp. v. Gilbert, supra [330 U.S. 501, 67 S.Ct. 841] footnote 2.

10. Circuit Judge Clark in dissenting opinion in Hammett v. Warner Brothers Pictures, 2 Cir., 176 F.2d 145, 152. See also remarks of Circuit Judge Frank in his dissenting opinion in Mottolese v. Kaufman, 2 Cir., 176 F.2d 301, 309, footnote 11.

11. American Aerovap Appendix on Appeal, p. 114.

12. Report of the Judicial Conference of the United States, September 24th, 1951.