**HARTFORD NAT. BANK & TRUST CO. et al.**

**v.**

**HENRY L. CROWLEY & CO., Inc.**

**Civ. No. 857.**

United States District Court,
D. New Jersey.

Feb. 9, 1954.

---

Crummy & Consodine, Newark, N. J., Connolly, Coochs & Bove and Arthur G. Connolly, Wilmington, Del., for plaintiffs.

Shanley & Fisher, Newark, N. J., Pennie, Edmonds, Morton, Barrows & Taylor and Thomas F. Reddy, Jr., New York City, for defendant.

SMITH, District Judge.

This is a civil action under the patent laws. The first count of the amended complaint states a claim for the infringement of three patents, of which the plaintiffs are admittedly the holders, and seeks the usual relief; the second count states an ostensible claim for relief under the Declaratory Judgments Act, and is predicated on a patent of which the defendant is allegedly the owner. The action is before the Court at this time on the motion of the defendant: first, to dismiss the former, or, in the alternative, to stay the trial of the action until after the termination of actions now pending in the United States District Court for the Southern District of New York; and second, to dismiss the latter for failure to state a claim upon which relief can be granted. The facts essential to a determination of the questions here raised are not disputed.

First Count.

There are now pending in the United States District Court for the Southern District of New York two actions to which Henry L. Crowley and Company, Inc., the defendant herein, and Philips Laboratories, Inc., one of the plaintiffs herein, are parties; the former is hereinafter identified as "Crowley," and the latter is hereinafter identified as "Philips." These actions antedate the present suit; the first (Civil Action No. 66–186) was commenced on May 2, 1951, and the second, Henry L. Crowley & Co. Inc., v. Philips Laboratories, Inc., D.C.,

104 F.Supp. 840, was commenced on January 24, 1952. The complaints in these actions, which were filed by "Crowley," state claims for relief under the Declaratory Judgments Act, 28 U.S.C.A. § 2201. The present suit was commenced on September 5, 1952, after the earlier actions had been consolidated.

An examination of the pleadings discloses that the patents here in suit, together with others not here in suit, are the subject matter of the litigation now pending in the United States District Court for the Southern District of New York; the issues are identical and the parties, except for the Hartford National Bank and Trust Company, hereinafter identified as "Hartford," are the same. We are of the opinion that under these circumstances "Crowley's" choice of the forum should prevail and the present action should be stayed until after the termination of the earlier actions. Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 3 Cir., 189 F.2d 31, affirmed 342 U.S. 180, 72 S.Ct. 219, 96 L. Ed. 200; Ronson Art Metal Works v. Brown & Bigelow, D.C., 105 F.Supp. 169, affirmed 2 Cir., 199 F.2d 760. The first count of the complaint should not be dismissed.

The plaintiffs argue that "Hartford," although joined as a party in the earlier actions, has not been served with process and is therefore not subject to the jurisdiction of the United States District Court for the Southern District of New York. This defect and the problem it presents may be easily overcome without prejudice to the rights of "Hartford." The argument advanced by the plaintiffs seems rather tenuous when considered in the light of the admitted facts.

The plaintiffs are parties to an agreement, dated January 1, 1951, by which "Hartford" granted to "Philips" "an exclusive license for the life of (the) patents to make, use and sell devices using (the) patents and patent applications, including the right to grant exclusive and nonexclusive licenses to third parties." The agreement reserved to "Philips" the

**902**

right to prosecute at its own expense all suits for infringement, including those commenced under the Declaratory Judgments Act. The plaintiffs were likewise parties to an earlier agreement dated January 1, 1946. The agreements differ somewhat in phraseology but are substantially identical in their terms and conditions.

■ There can be no doubt that this agreement, although designated therein as a "license," is in fact an assignment under which "Philips" acquired all right, title and interest in and to the patents. Hook v. Hook & Ackerman, 3 Cir., 187 F.2d 52, 57 et seq., and the cases therein cited; Waterman v. Mackenzie, 138 U. S. 252, 255, 11 S.Ct. 334, 34 L.Ed. 923. It necessarily follows that "Philips" has a right not only to prosecute the present action but also to defend the actions now pending in the United States District Court for the Southern District of New York. Ibid. The agreement expressly reserves this right to "Philips"; in fact, the parties contemplated that all suits for infringement would be prosecuted by "Philips."

■■ We are of the further opinion that "Hartford," although a proper party, is not an indispensable party to the actions now pending in the United States District Court for the Southern District of New York. The issues of the controversy may be fully and adequately adjudicated in those actions and without its presence. The apprehension expressed by counsel in his argument is more fanciful than real. It is clear that "Hartford," as the nominal owner of the patents, may intervene in those actions. Hook v. Hook & Ackerman, supra, 187 F.2d 59; See also Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., supra, 189 F.2d 34. There is, however, a simpler course open to "Hartford"; it has been joined as a party in the earlier actions and may therefore waive the service of process and file an answer. It seems reasonable to assume that its reluctance to follow this course is prompted solely by its desire to defeat "Crowley's" choice of forum.

The motion to stay the trial of the present action is granted for the reasons hereinabove stated. The motion to dismiss the first count of the amended complaint is denied.

### Second Count.

The second count invokes the jurisdiction of the Court under the Declaratory Judgments Act, supra, and seeks a judgment: first, that a certain patent owned by "Crowley" is invalid; and second, that the invention therein defined is an infringement of the patents held by "Philips." There is no allegation in the complaint that "Crowley" has charged "Philips" with the infringement of its patent; in fact, there is no allegation which would support a determination that an "actual controversy" exists.

■ We are of the opinion that the allegations of the second count, considered in the light most favorable to the plaintiffs, do not present "an actual controversy" within the meaning of the Declaratory Judgments Act, supra. Sanford v. Kepner, 3 Cir., 195 F.2d 387, 390; Treemond Co. v. Schering Corporation, 3 Cir., 122 F.2d 702, 705; National Hairdressers' & Cosmetologists' Ass'n v. Philad Co., D.C., 3 F.R.D. 199. This count, therefore, fails to state a claim upon which relief can be granted. The motion of the defendant to dismiss this count is granted.

### Motion of the Plaintiffs.

■ The plaintiffs filed a motion to enjoin the prosecution of the actions now pending in the United States District Court for the Southern District of New York. This motion is denied. Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., supra; Ronson Art Metal Works v. Brown & Bigelow, supra.

The Court's determination of the questions here raised by the motions is predicated solely on the pleadings and documentary evidence, exclusive of the affidavits and depositions on file. The affidavits and depositions would appear to raise questions of fact which we find unnecessary to decide.