852

VAN BRODE MILLING CO., Inc.,
Plaintiff,

v.

KRAVEX MANUFACTURING CORP.
and Gary Enterprises, Inc.,
Defendants.

Civ. No. 17591.

United States District Court
E. D. New York.

Feb. 17, 1958.

See also D.C., 21 F.R.D. 246.

Kane, Kessler & Proujansky, New York City, for defendants, Edward Halle, New York City, of counsel.

Kirschstein, Kirschstein & Ottinger, New York City, for plaintiff, David S. Kirschstein, New York City, of counsel.

RAYFIEL, District Judge.

This is a motion to stay the prosecution by the plaintiff herein of three suits brought in three other districts until the instant action shall have been tried and decided.

This is an action for unfair competition and patent infringement. After its commencement, the plaintiff instituted actions in the Southern District of California, Central Division, the Eastern District of Pennsylvania and the Northern District of·Illinois, Eastern Division, against customers of the defendant Kravex Manufacturing Corp., which is defending those actions, and has agreed to indemnify the defendants therein named against any loss or damage which they may sustain as a result thereof. The California action has been set for trial for March 4, 1958. The action pending in this Court has not yet been placed on the trial calendar, and will not be reached for trial for some two years or more.

The defendants base their application for relief on several grounds. They allege, inter alia, that it would be a financial burden on them—about $2,000, they say—to defend the case in California and that it would be difficult for them to obtain the testimony of various witnesses who reside in the vicinity of this Court.

I reject the defendants' contentions. As to the expense, Kravex's letter of May 27, 1957, addressed to its customers, a copy of which is attached to the moving papers, specifically agrees to indemnify them against any loss which they might sustain as a result of a suit against them

by the plaintiff for infringement, *on condition that they permit Kravex to defend such suits.* Kravex, therefore, voluntarily exposed itself to the possibility of defending its customers in distant jurisdictions. As to the claim that the defendant will have difficulty in obtaining the testimony of certain witnesses, the Federal Rules of Civil Procedure provide the means for obtaining the testimony of these witnesses by depositions for use at the trial.

There is no sound basis for delaying the trial of the issue of the validity of the patent for years when it can be litigated in less than a month in the California action.

I have read the cases cited by the defendants in their memorandum in support of the motion and found them to be inapposite, particularly the case of Ronson Art Metal Works v. Brown & Bigelow, D.C., 105 F.Supp. 169. The facts therein are readily distinguishable from the case at bar. There, the plaintiff herein was seeking to enjoin this defendant from further proceedings in an action in Minnesota, in which the parties were reversed, and which the defendant here had commenced after the New York action had been instituted. Judge Weinfeld had occasion to comment, at page 173, concerning the legal maneuvers attempted by the defendant, that, "To reward these stratagems would be paying homage to the 'sporting theory of justice.'"

In respect of the question as to the forum in which an earlier trial might be obtained, he said: "Finally, the defendant urges that an earlier trial may be had in the Minnesota Courts. The narrow question is whether the plaintiff's priority position is overcome upon a mere showing that an earlier trial may be had in the later action. *While this circumstance is an important element, it is to be weighed together with all other relevant considerations in determining which suit is entitled to go forward.* But standing alone and absent a countervailing balance of convenience favoring the subsequent suit it is not sufficient to defeat a litigant's right to trial in the forum in which *he* commenced suit first. To give controlling weight to the likelihood of an earlier trial in the Minnesota District Court when the plaintiff was 'forehanded' in starting suit here, and where no balance of convenience favors the defendant, *would be destructive of the plaintiff's 'choice of forum'—a choice which the Supreme Court has held should rarely be disturbed."* (Emphasis supplied).

In the case at bar the *plaintiff* commenced all of the actions. It should not be enjoined from proceeding to an early trial in California, which will be determinative of the validity of the patent.

The motion is in all respects denied.

Settle order on notice.