## MASSACHUSETTS GENERAL HOSPITAL vs. COMMISSIONER OF PUBLIC WELFARE.

Suffolk.    December 6, 1963. — January 31, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Public Welfare. Regulation. State Administrative Procedure Act. Hospital.*

A rule of the Department of Public Welfare limiting the time for the rendering of bills by hospitals for care furnished under G. L. c. 118D was a "regulation" within c. 30A, § 1 (5), and, even if authorized by c. 118D, § 15, was within c. 121, § 3, requiring a public hearing in connection with its adoption, not c. 121, § 4, and so was subject to c. 30A, § 2, not c. 30A, § 3; and, having been adopted without notice or hearing and not as an "emergency regulation," was not validly adopted under c. 30A, § 2.

PETITION for review filed in the Superior Court on December 6, 1962.

The case was heard by *Sgarzi, J.*

*Albert G. Tierney, Jr.,* for the petitioner.

*David Lee Turner,* Assistant Attorney General (*James C. Doyle* with him), for the respondent.

WHITTEMORE, J.    This is an appeal from the final decree in the Superior Court which adjudged that the rules and regulations concerning the rendering of bills contained in the Medical Care Plan of the Department of Public Welfare are reasonable and within the rule making power of the department.    The decree also affirmed the decision of the Commissioner of Public Welfare denying the claim of the Massachusetts General Hospital (the hospital).

At issue is the right of the hospital to recover from the city of Boston its charges for hospital care furnished a resident of Boston under G. L. c. 118D (assistance to disabled persons) and not billed within three months after the services were rendered.    A rule of the Department of Public Welfare set out in the Medical Care Plan requires monthly billing but allows a three months' grace period.

The rule in force at the time of the hearing was set out in State Letter 137 which, in attested form as required by law, was filed in the office of the Secretary of State on October 15, 1962. It was not effective before that date. G. L. c. 30, § 37; c. 30A, § 5. It did not apply, therefore, to the period of hospitalization which was in February and March, 1962.

There was, however, a similar rule in State Letter 100. No point is made that State Letter 100 had not been duly filed according to its stamp in 1959.[1]

We must decide whether the applicable rule in State Letter 100 was lawfully adopted. It is undisputed that no notice was given or hearing held on this rule. The Commissioner contends that the adoption of the rule is governed by G. L. c. 30A, § 3, which provides, as to rules not subject to § 2, that "(3) If the agency finds that the requirements of notice and opportunity to present views on its proposed action are unnecessary, impracticable or contrary to the public interest, the agency may dispense with such requirements or any part thereof. The agency's finding and a brief statement of the reasons . . . shall be incorporated . . . ."[2]

We hold that c. 30A, § 3, is inapplicable and that the billing rule is subject to c. 30A, § 2, which provides in part: "Prior to the adoption or amendment of any regulation as to which a hearing is required by any law . . . an agency shall give notice and hold a public hearing . . . ."

The statute requiring a hearing in respect of the billing rule is G. L. c. 121, § 3. "The [advisory] board [of the department of public welfare] . . . shall consider and hold public hearings on proposed rules and regulations of the department . . . ." We hold that c. 121, § 4, does not qualify c. 121, § 3, in its applicability to the billing rule. Chapter 121, § 4, provides, "The commissioner may prepare and

---

[1] State Letter 100 shows that it superseded an earlier plan. No earlier plan is in evidence.

[2] The department did not purport to act under G. L. c. 30A, § 2 (3), which provides for adoption of emergency regulations without notice and hearing.

present for the approval of the board rules and regulations governing the conduct of the department and any action which may legally be taken under its authority, and such rules and regulations shall take effect upon approval by a majority of the board, and at such time as it by vote shall fix. Any person objecting . . . may submit his objection . . . . [T]he board . . . may hear the . . . [objecting] person . . . ."

Chapter 121, § 4, does not refer to rules which affect rights of those who supply medical facilities and services. Chapter 121, § 3, is the statute concerned with a rule, such as the one in issue, which is within the definition of G. L. c. 30A, § 1 (5): " 'Regulation' includes the whole or any part of every rule, regulation, standard or other requirement of general application and future effect adopted by an agency to implement or interpret the law enforced or administered by it." Chapter 121, § 4, by contrast is concerned with internal rules expressly excepted from the definition of "regulation" by the following provision of c. 30A, § 1 (5), that is, "regulations concerning only the internal management or discipline of the adopting agency or any other agency, and not directly affecting the rights of or the procedures available to the public or that portion of the public affected by the agency's activities . . . ."

This billing rule operated to extinguish after three months the rights of the hospital to reimbursement. It was of concern to patients and to prospective patients as well as to hospitals. We do not now judge its reasonableness. The hospital contends that for prolonged periods of hospitalization the rule unnecessarily cuts across established hospital practice. Although the record indicates that it was by inadvertence that the rule was not complied with in this case, that is beside the point. The hospital is entitled to the opportunity to be heard as to the reasonable limitation of time for the presentation of bills.

We also disagree with the contention of the Commissioner that G. L. c. 118D, § 15, validates the rule in State Letter 100. That section authorizes the department to "adopt rules and regulations not inconsistent with law

which shall be complied with by all boards of public welfare and persons in their employ. Such . . . shall include provisions . . . for giving notice and securing reimbursement . . . . Rules and regulations . . . under this section shall be effective only when approved by the advisory board of the department.''

There are indications that G. L. c. 118D, § 15, refers only to ''reimbursement'' of local boards (see G. L. c. 118D, §§ 8, 14). In any event, if § 15 could be read to authorize a rule affecting the hospital's right to be paid for hospital care, it should be read with G. L. c. 121, § 3, which requires a public hearing.

The final decree is reversed. A final decree is to enter in the Superior Court adjudging that the billing rule in State Letter 100 was not validly adopted, and ordering that the bills at issue be paid.

*So ordered.*