MASSACHUSETTS GENERAL HOSPITAL *vs.* CITY OF CAMBRIDGE.

Suffolk.   March 3, 1964. — May 25, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Hospital.   Public Welfare.   Regulation.   State Administrative Procedure Act.   Practice, Civil,* New trial.

G. L. c. 117, § 24A; c. 122, § 20; and c. 7, § 30K, as in force in 1962, limited the maximum amount which a hospital might recover from a municipality for "the expense of . . . care necessarily incurred" by a needy person to the rate set by the Commissioner of Administration as reflecting the lower of reasonable hospital costs or charges made to the general public, even if such rate was below the expense of the care necessarily incurred.   [522]

A determination by the Commissioner of Administration of hospital rates under G. L. c. 7, § 30K, is a "regulation" as defined in c. 30A, § 1 (5), which must be adopted in accordance with the procedure prescribed in c. 30A and be filed with the State Secretary as required by c. 30A, § 5; c. 30, § 37.   [522]

Hospital rates determined by the Commissioner of Administration under G. L. c. 7, § 30K, were not properly filed with the State Secretary as required by c. 30A, § 5; c. 30, § 37, nor "duly established" where they were not filed by the Commissioner and, although they were filed by the Department of Public Welfare as its own regulation, the papers filed failed to show that the rates had been determined as a regulation in accordance with the procedure prescribed by c. 30A, § 3.   [523]

Failure of the Commissioner of Administration to properly promulgate hospital rates under G. L. c. 7, § 30K, did not eliminate establishment thereof as a condition precedent to recovery by a hospital in an action by it against a municipality under c. 117, § 24A, for the expense of care furnished to a needy resident of the municipality; in the circumstances, after a finding for the hospital, there must be a new trial on the issue of damages and such trial should be postponed for a reasonable time to afford the Commissioner an opportunity to properly promulgate the rates.   [523–524]

CONTRACT.   Writ in the Superior Court dated January 14, 1963.

The plaintiff alleged exceptions following hearing and a finding for the plaintiff by *Goldberg,* J.

*Albert G. Tierney, Jr.,* for the plaintiff.

*Richard D. Gerould,* City Solicitor (*James C. Doyle* with him), for the defendant.

SPALDING, J.  In this action of contract the Massachusetts General Hospital (hospital) seeks to recover from the city of Cambridge (city) the expense of hospital care furnished by it to Alice N. Roberge and Joseph C. Siccone, both residents of Cambridge.

The judge made findings of fact which include the following.  Mrs. Roberge was admitted as an inpatient to the hospital on April 27, 1962, and was discharged on May 17, 1962. Siccone was admitted to the hospital as an inpatient on three separate occasions between June 13, 1962, and November 12, 1962, for a total of forty-one days.  Both were persons in need of public assistance throughout their stay in the hospital and the hospital was not a person liable for their support by law or otherwise.  The care and treatment furnished them was necessarily incurred and the rate for such all inclusive care and treatment was duly established at $35.92 a day.  The hospital gave proper notice to the city that each was being furnished hospital care under the appropriate provisions of law and that the expense of such care was being charged to the city.  The judge found that the city was liable to the hospital, in the case of Mrs. Roberge, for fourteen days' care at the rate of $35.92, and, in the case of Siccone, for forty-one days' care at the same rate less certain sums paid to the hospital by Siccone.

The case comes here on the hospital's exceptions.  The hospital excepted to the ruling of the judge that the rate for the care and treatment furnished to Mrs. Roberge and Siccone was "duly established" at $35.92 a day.  The hospital also excepted to the implied denial of four requested rulings.[1]

1.  The principal issue is whether the rate for all inclusive care at the hospital was duly established at $35.92 a day.  The hospital argues (1) that the rate determined under G. L. c. 7, § 30K, cannot reduce its recovery below the reasonable and necessary costs of treatment and (2) that the rate determined under § 30K was a "regulation" within the State Administrative Procedure Act (c. 30A) which was

---

[1] These requests were numbered 4, 27, 28, and 29, and were not acted upon. *Hetherington & Sons* v. *William Firth Co.* 210 Mass. 8, 17, 18.

improperly promulgated and thus ineffective to limit its recovery.

The right of the hospital to receive reimbursement from the city is statutory and governed by G. L. c. 117, § 24A, c. 122, § 20, and c. 7, § 30K. These statutes impose two limits on recovery: (1) "the expense of . . . care necessarily incurred" and (2) a maximum amount set by a rate determined under c. 7, § 30K.

General Laws c. 117, § 24A, provides that cities and towns are liable for the expense of hospital care "necessarily incurred" by their residents in need of public assistance. The section, however, limits that liability by providing: "but no town shall be liable under this section in a sum exceeding the maximum amount which would be allowable to a town under section twenty of chapter one hundred and twenty-two as reimbursement from the commonwealth for like hospital care."

General Laws c. 122, § 20, which deals with reimbursement by the Commonwealth to cities and towns for the care of the sick and poor provides in relevant part that "There shall be allowed for the support of a person in a hospital, . . . such amounts as are certified annually to the . . . [department of public welfare] by the commissioner of administration under section thirty A [*sic*] of chapter seven with respect to the hospital . . . which renders support and treatment." Section 30A of c. 7 defines the duties of the director of building construction and is inapplicable to the problem of establishing hospital rates. Section 30K of c. 7, which deals with all inclusive per diem rates for hospitals, is applicable. Both parties have assumed that the reference in c. 122, § 20, to § 30A, was an oversight[1] and that the Legislature must have intended the reference to be to § 30K. We agree and construe the reference to be to § 30K of c. 7. See *Ronson Patents Corp.* v. *Sparklets Devices, Inc.* 102 F. Supp. 123, 124 (E. D. Mo.).

Section 30K, set forth in more detail later, provides for

---

[1] General Laws c. 7, § 6D, which formerly referred to § 30A, was amended by St. 1956, c. 198, to refer to § 30K. Presumably the failure to change the reference in G. L. c. 122, § 20, was due to inadvertence.

the setting of such per diem rates "as will reflect reasonable hospital costs or charges made to the general public, whichever is the lower." We are of opinion that the three statutes (c. 117, § 24A; c. 122, § 20; and c. 7, § 30K) fairly construed require the following: If the rate is properly determined and reflects the lower of reasonable hospital costs or charges, it will limit the hospital's recovery to the amount of the rate even if it is below the expense of care necessarily incurred. See *Worcester* v. *Charlton,* 336 Mass. 525, 528. Contrary to the hospital's contention, there is nothing in art. 18, § 3, of the Amendments to our Constitution which calls for a different interpretation. The right of a hospital to recover from a city or town for care furnished to a person in need of public assistance is purely the creature of statute and the Legislature could limit the right as it saw fit. No constitutional question is involved. If, as was not the case, the hospital had been legally obliged to receive and care for the patients a different question would be presented.

2. We turn now to the procedures involved in establishing the rate. We are of opinion that the determination of the rate under c. 7, § 30K, was a "regulation" as defined in c. 30A, § 1 (5), and that the procedures set forth in c. 30A must be complied with. See *Massachusetts Gen. Hosp.* v. *Commissioner of Pub. Welfare,* 346 Mass. 739. However, in this action of contract the hospital may not make a collateral attack on the reasonableness of the rate set. This must be done by a direct attack under § 7 of c. 30A. The hospital, however, may show that because of failure to comply with the adopting procedure no valid regulation exists, as for example, that no rate has been properly filed with the State Secretary under c. 30A, § 5, and c. 30, § 37.

General Laws c. 30A, § 5, requires that a regulation be filed in accordance with the provisions of c. 30, § 37. Section 37 provides in part: ". . . every department . . . with the power to make . . . regulations . . . shall file an attested copy thereof, together with a citation of the law by authority of which the same purport to have been issued,

with the state secretary, and such . . . regulations . . . shall not take effect until so filed.''

The Commissioner of Administration has the duty to establish rates and to do this as a regulation. Here he established rates but he did not file or cause to be filed an attested copy of them with the State Secretary. The Commissioner submitted the rates to the Department of Public Welfare which filed them as its own regulation. The department's filing indicated that it had held no hearing with respect to rates because they had been determined by the Commissioner of Administration. But the papers filed contained nothing to the effect that the Commissioner had treated his determination as the promulgation of a regulation. Thus the filing gave no indication that the Commissioner felt himself bound under c. 30A, § 3, to give notice and grant a hearing under § 3 (1) (2) or to explain the absence thereof under § 3 (3).

In these circumstances we are of opinion that the regulation of the Commissioner of Administration cannot be treated as properly filed under G. L. c. 30A, § 5, and c. 30, § 37, even though the rates were in fact on file with the State Secretary.

The regulation, therefore, is not effective and cannot be used to establish the rate. The hospital's exception to the ruling that the rate was ''duly established'' at $35.92 a day must be sustained. In view of this holding, we do not discuss the implied denial of four requested rulings.

The hospital has argued that the failure to promulgate a rate under c. 7, § 30K, eliminates one of the limitations on a city's liability for reimbursement. We do not agree, for the statutes are not to be construed as imposing liability without the two limitations expressly provided, namely, (1) the expense of care necessarily incurred, and (2) the maximum amount established under c. 7, § 30K. While the existence of rates is essential to recovery, the hospital ought not to be turned out of court because of the lack of them. The case must be remanded to the Superior Court. Inasmuch as the erroneous ruling related only to the question of

damages, the hearing should be confined to that issue.   The hearing should be postponed for a reasonable time to afford the Commissioner of Administration an opportunity to redetermine and file rates in accordance with law.   See *Cleary v. Cardullo's, Inc. ante,* 337 at 344.   When such rates have been established, the judge, unless the parties can agree, shall determine the damages on the basis of them.

*Exceptions sustained.*