350 Mass. 11                                           11

White's Liquor Mart, Inc. *v.* Alcoholic Beverages Control Commission.

WHITE'S LIQUOR MART, INC. *vs.* ALCOHOLIC BEVERAGES
CONTROL COMMISSION
(and two companion cases[1]).

Suffolk.   November 2, 3, 1965. — December 16, 1965.

Present: SPALDING, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Alcoholic Liquors,* Schedule of minimum consumer prices.   *Regulation.*

A schedule of minimum consumer prices for liquor, although approved
by the Alcoholic Beverages Control Commission under G. L. c. 138,
§ 25C (d), after the amendment thereof by St. 1963, c. 258, was never-
theless a regulation subject to the requirement of G. L. c. 30, § 37, of
filing with the Secretary of the Commonwealth for its effectiveness, and
was ineffective for want of such filing.

THREE PETITIONS, filed in the Superior Court on Au-
gust 26, 27, and 28, 1963, for review of decisions of the re-
spondent commission.

The respondent appealed from decrees quashing the deci-
sions, entered after hearing by *Sullivan,* J.

*David Lee Turner,* Assistant Attorney General, for the
Alcoholic Beverages Control Commission.

*James W. Kelleher* for White's Liquor Mart, Inc. &
others.

CUTTER, J,   These cases arise under G. L. c. 138, § 25C,
as it stood after the effective date of St. 1963, c. 258,[2]

---

[1] The two companion cases were argued with the case brought by White's
Liquor Mart, Inc. and with the three cases mentioned in Pioneer Liquor Mart,
Inc. *vs.* Alcoholic Beverages Control Commn. *ante,* 1, in which, in fn. 2, is
set out § 25C as it read both before and after the 1963 amendment of par. (d).
Each of the three cases (discussed in this opinion) is a petition for review
of a decision of the commission that, upon a specified day in June or July,
1963, a licensed retail package store licensee sold a beverage at less than the
purported minimum consumer resale price.   One companion case was brought
by Blanchard's West Roxbury, Inc. and the other by Orlandella Grocery Com-
pany, Inc.   There is no occasion for stating the facts in the companion cases.
They are similar to those in the case brought by White's and are governed
by the same principles of law.

[2] Statute 1963, c. 258, which contains an emergency preamble, was approved
on April 11, 1963.   It amended § 25C, by striking out the second subpara-
graph of par. (d) and inserting the following: "No such filing, however,

amending par. (d) of § 25C. White's Liquor Mart, Inc. (White's) was charged by the commission with selling on July 2, 1963, a bottle of vodka for $4.75, which was less than the minimum consumer resale price of $5.49 approved on June 4, 1963, by the commission to be in effect for the months of July and August, 1963. The commission, because this was a "second offense during the [then] current license year," suspended White's package store license for fifteen days.

White's then filed, under G. L. c. 30A, § 14, a petition for review of the commission's decision. The trial judge found that "[n]o filing of the material [m]inimum [c]onsumer [r]esale [p]rices had been made with the Secretary of the Commonwealth in accordance with" G. L. c. 30, § 37 (as amended through St. 1951, c. 556, § 1), which reads, so far as relevant, "Notwithstanding any special or general law, every . . . commission, . . . vested by law with the power to make and issue rules or regulations general in scope, shall file an attested copy thereof, together with a citation of the law by authority of which the same purport to have been issued, with the state secretary, and such rules or regulations, whether or not they require the approval of the governor and council . . . before taking effect, shall not take effect until so filed." The judge ruled that c. 30, § 37, was applicable to these minimum prices, and ordered that the commission's decision (suspending White's license) be quashed. The commission appealed from a final decree in accordance with the judge's order.

The judge's ruling was correct. No minimum price schedule ever became effective for July and August, 1963, because of the commission's failure to file the schedule

---

shall take effect unless within thirty days thereafter the commission shall approve such prices as not being excessive, inadequate, or unfairly discriminatory; provided, however, *that such approval shall not be deemed a rule or regulation within the meaning of section twenty-four or section seventy-one, nor shall such approval be subject to the provisions of chapter thirty A*" (emphasis supplied). General Laws c. 138, § 24 (as amended through St. 1952, c. 426), provided generally for the making of regulations by the commission. Section 71 (as amended through St. 1953, c. 654, § 97) provided that the commission's rules and regulations "shall not take effect until approved by the governor and council."

with the Secretary of the Commonwealth. Nothing in the 1963 amendment (St. 1963, c. 258, see fn. 2) of c. 138, § 25C (d), purported to relieve the bimonthly price schedules, which inherently were regulations, from the provisions of c. 30, § 37, as amended. Section 37 operated, by its own terms, and of its own force, to prevent the price schedules from taking effect. See *Massachusetts Gen. Hosp.* v. *Cambridge,* 347 Mass. 519, 522–523. The provision of St. 1963, c. 258, to the effect that G. L. c. 30A is no longer to govern approval of a price schedule under c. 138, § 25C (d), did not make c. 30, § 37, inapplicable, notwithstanding the reference to c. 30, § 37, found in c. 30A, § 5.

The purchases, alleged to be in violation of § 25C, in the case brought by Blanchard's West Roxbury, Inc. and in the case brought by Orlandella Grocery Company, Inc. (fn. 1) were made, respectively, on June 6 and 11, 1963. The trial judge found in each of these companion cases that the material minimum consumer resale prices (those for May and June, 1963) had not been filed with the Secretary of the Commonwealth as required by c. 30, § 37. Accordingly, on the dates of these purchases, no valid minimum price schedule had ever become effective for the months of May and June, 1963.

In each of these three cases (see fn. 1) the final decree is affirmed.

*So ordered.*