Charles R. PRICE, Plaintiff,

v.

STANDARD DREDGING CORP., Defendant.

No. 69 Civ. 1500.

United States District Court S. D. New York.

Nov. 5, 1969.

Paul C. Matthews, New York City, for plaintiff; John F. X. McKiernan, New York City, of counsel.

McLaughlin, Fiscella & Biancheri, New York City, for defendant; John J. Biancheri, New York City, of counsel.

EDWARD WEINFELD, District Judge.

Upon a careful review of the respective contentions of the parties, I am satisfied the defendant has carried its burden that the proposed transferee district (Western District of Tennessee, Western Division) is a more convenient one and that the interests of justice will be better served by a trial there. 28

U.S.C. § 1404(a) (1964); *see* Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955). *Compare* Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc., 267 F.Supp. 938 (S.D.N.Y.1967), *and* Schneider v. Sears, 265 F.Supp. 257 (S.D.N.Y.1967), *with* Oil & Gas Ventures —First 1958 Fund, Ltd. v. Kung, 250 F. Supp. 744, 754–758 (S.D.N.Y.1966). Realistically, the only relationship this lawsuit has to this district is that plaintiff's attorney maintains his office here. And it is fair to assume that this accounts for the fact that plaintiff's proposed expert witness as to practice and custom and plaintiff's medical expert (who did not treat plaintiff) also maintain offices in this district. But four doctors who did treat plaintiff and who are material witnesses practice in Memphis, Tennessee, where the accident occurred and where other material witnesses are based. I am not unmindful that at times it is not easy for a seaman to obtain the services of experts. *Cf.* Lykes Bros. S.S. Co. v. Sugarman, 272 F.2d 679, 681 (2d Cir. 1959). However, Memphis is a large community and plaintiff should be able to secure a medical expert there. If he is unable to do so, then, of course, he can submit deposition testimony of the New York doctor. Although in this circumstance depositions may be required wherever the case is tried, in the light of the claim of serious injury, the jury should have the benefit of face-to-face testimony of the doctors who treated plaintiff. *Cf.* Lago Oil & Transport Co. v. United States, 97 F. Supp. 438, 439 (S.D.N.Y.1951); V. O. Machinoimport v. Clark Equip. Co., 11 F.R.D. 55, 58 (S.D.N.Y.1951).

Finally, plaintiff, who lives adjacent to the Memphis district (just over the state line, in West Memphis, Arkansas) can have a trial there in five months, whereas a trial in this district would be delayed much beyond that. *See* A. Olinick & Sons v. Dempster Bros., 365 F.2d 439, 445 (2d Cir. 1966); Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc., 267 F.Supp. 938, 944 (S.D.N.Y.1967); Schneider v. Sears, 265 F.Supp. 257, 267

(S.D.N.Y.1967). *But see* Herbst v. Able, 278 F.Supp. 664, 667 (S.D.N.Y.1967); Peyser v. General Motors Corp., 158 F. Supp. 526, 530–531 (S.D.N.Y.1958). *See also* Ronson Art Metal Works, Inc. v. Brown & Bigelow (Inc.), 105 F.Supp. 169, 174 (S.D.N.Y.), *aff'd on opinion below*, 199 F.2d 760 (2d Cir. 1952).