THE SPRINGFIELD HOSPITAL *vs.* CITY OF CHICOPEE (and three companion cases). July 5, 1974. In these actions under G. L. c. 117, § 24A, as inserted by St. 1959, c. 584, the plaintiff seeks recovery of unpaid balances allegedly owed it by the cities of Chicopee and Springfield and the towns of Agawam and West Springfield for hospital care furnished from January 1 to October 14, 1963, to residents of the defendants in need of public assistance. The cases, which were consolidated and tried without a jury, are here on the plaintiff's consolidated bill of exceptions, wherein the central issue is the propriety of a general finding for the defendants entered by a judge of the Superior Court. The plaintiff concedes that the amount payable is limited by the rate for such care promulgated by the Commissioner of Administration (Commissioner) under G. L. c. 7, § 30K, as amended through St. 1961, c. 586 (see *Massachusetts Gen. Hosp.* v. *Cambridge,* 347 Mass. 519 [1964]), but contends that a schedule of such rates so promulgated " [e]ffective January 1, 1963," which was introduced in evidence, entitles it to payment at a per diem rate of $26.46 rather than at the rate of $23.18 at which it billed the defendants and was actually paid. In making this contention, however, the plaintiff ignores another schedule of such rates, also admitted in evidence, which bears the same effective date and is otherwise virtually identical except as it lists for the plaintiff a rate in the latter amount. (The lower figure appears typewritten on both schedules, but is altered to the higher amount by handwritten interlineation on the schedule relied upon by the plaintiff. See *Nonni* v. *Commonwealth,* 356 Mass. 264, 267 [1969].) There is nothing in the schedules themselves, in the sequence in which they were filed by the Commissioner with the Secretary of the Commonwealth pursuant to G. L. c. 30, § 37, as amended through St. 1951, c. 556, § 1 (both schedules having been belatedly filed on February 27, 1967, by what appears to be the same letter of transmittal), or in the text of that letter, to suggest that the $26.46 rate should take precedence over the $23.18 rate. On the basis of this equivocal documentary evidence — together with extrinsic evidence that the $23.18 rate had been intended to apply throughout 1963 until amended to $26.46 on October 15 of that year — the judge entered a finding that the lower rate was in effect during the period for which the plaintiff seeks

recovery. Thus, the case could be governed by the principle that such findings "are to stand if warranted in law upon any possible view of the evidence." *Matsushita Elec. Corp. of America* v. *Sonus Corp.* 362 Mass. 246, 250 (1972). Assuming without deciding that the evidence would have warranted a finding that the higher rate was then in effect — a finding essential to the plaintiff's recovery (*Massachusetts Gen. Hosp.* v. *Cambridge, supra,* at 523) — certainly such a finding was not required by the evidence. Thus, there was no error in the general finding for the defendants or in the denial of the plaintiff's requested ruling that such a finding was not warranted by the evidence. It is unnecessary for us to consider the remaining exceptions, most of which have not in any event been argued within the meaning of Rule 1:13 of the Appeals Court, 1 Mass. App. Ct. 889 (1972). See *Lolos* v. *Berlin,* 338 Mass. 10, 13-14 (1958).

*Exceptions overruled.*

*Samuel A. Marsella* for the plaintiff.

*David L. Sokol,* Assistant City Solicitor, for the city of Springfield.

*Edward C. Peck, Jr.,* Town Counsel, for the town of West Springfield.

*Michael J. Murphy,* Assistant City Solicitor, for the city of Chicopee, & *Jay A. Posnik,* Town Counsel, for the town of Agawam, joined in a brief.